United States District Court
Southern District of Texas
**ENTERED**
October 08, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SYLVIA CHOLICK, § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. 1:20-cv-164 | |
| § | | |
| EDGAR SALVADOR, et al., § | | |
|     Defendants. § | | |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On October 5, 2020, Plaintiff Sylvia Cholick filed a complaint against Defendants Edgar Salvador, David Barbee Jr., David Barbee Sr., "daughter Betty," Eddie Solis, Constable A, Constable B, and Justice of the Peace Eloy Cano, Jr. Dkt. No. 1.

The Court is under a continuing obligation to ensure that subject matter jurisdiction is present at all stages of the proceeding. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583-84 (1999). "[A] court sua sponte must raise the issue if it discovers it lacks subject matter jurisdiction." Giles v. NYLCare Health Plans, Inc., 172 F.3d 332, 336 (5th Cir. 1999).

After reviewing the record and the relevant case law, it is recommended that the case be dismissed without prejudice for lack of subject matter jurisdiction.

### I. Background

The factual background to this case is somewhat convoluted. The Court understands Cholick to be claiming that the Barbees are involved in what she terms a "hidden money scam." Dkt. No. 1. David Barbee Sr. has been her landlord, but gave her notice that effective July 1, 2020, Edgar Salvador was her new landlord because the property had been sold to him. Dkt. No. 1-1. Cholick claims that David Barbee Jr., David Barbee Sr. and "daughter Betty" "wav[ed] a magic wand proclaiming the foreign national as the property owner." Dkt. No. 1. Cholick claims that "David Barbee Sr. is 100% the true owner of my rental unit." Id.

Cholick also asserts that Constable Eddie Solis did not serve a copy of the Centers for Disease Control order halting evictions on her.[1] On August 18, 2020, Salvador filed an eviction complaint against Cholick in the Justice of the Peace Court. Edgar Salvador vs. Sylvia Cholick and all other occupants, Cameron County Justice of the Peace Court 5-2, 2020-LFD-00120.[2] On September 3, 2020, Cholick was ordered to be evicted. Id. Cholick asserts that the Justice of the Peace, Eloy Cano, did not serve or offer the CDC order on her. Id.

It seems that over the years, Cholick has become a pro se serial litigant, whose cases have been consistently dismissed either for failing to state a claim upon which relief can be granted or failure to prosecute. Cholick, et al., v. Valley Baptist Health, et al., Civil Case 1:02-162 (S.D. Tex. 2002); Cholick v. Valley Baptist Medical Center, Civil Case 1:04-44 (S.D. Tex. 2004); Cholick v. Department of Justice of the United States, et al., Civil Case 1:04-154 (S.D. Tex. 2004); Cholick v. City of Harlingen, et al., Civil Case 1:06-28 (S.D. Tex. 2006); Cholick v. State of Texas, et al., Civil Case 1:06-107 (S.D. Tex. 2006); Cholick v. Laredo National Bank, et al., Civil Case 1:08- 89 (S.D. Tex. 2008); Estate of Dorothy Ruth Cholick, et al., v. Lucas, et al., 1:16-281 (S.D. Tex. 2016); Estate of Dorothy Ruth Cholick, et al., v. Lucas, et al., 1:17-183 (S.D. Tex. 2017). Indeed, none of Cholick's claims have been found to be meritorious.

---

[1] The Centers for Disease Control and Prevention issued an order halting all evictions through December 31, 2020. Temporary Halt in Residential Evictions To Prevent the Further Spread of COVID-19, 85 FR 55292-01. In order to invoke the protections of this order, the tenant must file a sworn declaration as to their inability to pay, their income level, that they have exhausted all available government assistance and that, if evicted, they have no other housing options available. Id. The record does not assert that Cholick ever served such a declaration on her landlord. The Texas Supreme Court had halted all evictions in the state, but that prohibition expired on May 19, 2020. See Fifteenth Emergency Order Regarding the Covid-19 State of Disaster, Misc. Docket No. 20-9066 (Tex. 2020)(Texas Supreme Court order). Moreover, the requirement that eviction proceedings contain a statement that "the premises are not subject to the moratorium on evictions" does not apply to evictions effected after July 25, 2020. Id.

[2] The Court can take judicial notice of the proceedings in other courts to establish the fact of the litigation's existence. Taylor v. Charter Med. Corp., 162 F.3d 827, 829-30 (5th Cir. 1998).

**II. Applicable Law**

    **A. Jurisdiction**

The threshold question, before considering the substance of any claim, is whether the court possesses jurisdiction over the claim. This is the case, because federal courts are courts of limited jurisdiction, whose authority exists only within the boundaries established by Congress and the United States Constitution. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583-84 (1999). A plaintiff bears the burden of proving jurisdiction. Choice Inc. of Tex. v. Greenstein, 691 F.3d 710, 714 (5th Cir. 2012).

In determining whether jurisdiction exists, the Court may consider: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Ramming v. U.S., 281 F.3d 158, 161 (5th Cir. 2001). Conclusory allegations or "legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Wells v. Ali, 304 Fed. App'x. 292, 293 (5th Cir. 2008) (quoting Fernandez–Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir. 1993)).

**III. Analysis**

Allegations by pro se litigants must be given liberal construction to ensure that their claims are not unfairly dismissed because of their unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972). That latitude, however, "does not exempt a party from compliance with relevant rules of procedural and substantive law." Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981).

There is no basis for subject matter jurisdiction over this case, either under federal question jurisdiction or diversity jurisdiction, as discussed further below.

    **A. Federal Question**

Cholick claims that jurisdiction exists because Cano and Solis failed to serve a copy of the CDC order on her. This failure, even if true, does not create jurisdiction.

The CDC order does not require that copies be served on renters. Temporary Halt in Residential Evictions To Prevent the Further Spread of COVID-19, 85 FR 55292-01. Nor does the order create a private right of action either expressly or by implication. See

3

Casas v. Am. Airlines, Inc., 304 F.3d 517, 520 (5th Cir. 2002) (regulations cannot "conjure up a private cause of action that has not been authorized by Congress.").

The fact that a federal agency issued the order does not automatically create federal jurisdiction. Merrell Dow Pharms. Inc. v. Thompson, 478 U.S. 804, 813 (1986) ("[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction."). The CDC order created a mechanism for a defense against eviction proceedings. Those eviction proceedings have taken place against Cholick in state court; to the extent that she is protected by the order, her claims should have been raised in state court.

As such, there is no federal question jurisdiction in this case.

### B. Diversity Jurisdiction

"Absent any federal question, complete diversity of citizenship is required." Dos Santos v. Belmere Ltd. P'ship, 516 F. App'x 401, 402 (5th Cir. 2013). As relevant here, federal courts have jurisdiction over civil actions where (1) "the matter in controversy exceeds the sum or value of $75,000;" and, (2) the action is between citizens of different States or nations. 28 U.S.C. § 1332(a)(2). For diversity jurisdiction to be proper, the court must be certain that all plaintiffs have a different citizenship from all defendants." Tewari De-Ox Sys., Inc. v. Mountain States/Rosen Liab. Corp., 757 F.3d 481, 483 (5th Cir. 2014).

It appears that Cholick is a resident of Texas. While Cholick has not identified the citizenship of any other party — other than to claim that Salvador is a foreign national — the Court notes that Cano and Solis are required by law to have resided in Texas for at least twelve months in order to be eligible to hold their current elected offices. TEX. ELECTION CODE § 141.001(a)(5). Thus, it would appear that they are both citizens of Texas, destroying any diversity jurisdiction in this case. Tewari De-Ox Sys., 757 F.3d at 483.

### IV. Recommendation

It is recommended that complaint filed by Sylvia Cholick, Dkt. No. 1, be dismissed without prejudice for lack of subject matter jurisdiction.

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United

States District Judge. 28 U.S.C. § 636(b)(1).  A party filing objections must specifically identify the factual or legal findings to which objections are being made. The District Judge is not required to consider frivolous, conclusive, or general objections. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. Alexander v. Verizon Wireless Servs., L.L.C., 875 F.3d 243, 248 (5th Cir. 2017).

DONE at Brownsville, Texas on October 8, 2020.

_____
Ronald G. Morgan
United States Magistrate Judge